IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Hints, Inc. and Elan Pavlov, )
                                         Plaintiffs, )  Case No. 1:21-cv-00573-LMB-IDD
     v. )
Andrew Hirshfeld, in his Official Capacity )
Performing the Functions and Duties of the )
Director of the United States Patent and )
Trademark Office, )
                                         Defendant. )

**DECLARATION OF ROBERT GREENSPOON IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER
AND MOTION FOR A PRELIMINARY INJUNCTION,
AND VERIFICATION OF COMPLAINT**

I, Robert Greenspoon, being competent to testify, and having personal knowledge of the facts herein, hereby declare under penalty of perjury:

1. I am a licensed patent attorney. My office filed the international patent application discussed in the Complaint: PCT/US19/061456 (the "'456 application").

2. I have reviewed the Complaint. To verify the factual allegations, I hereby incorporate as my testimony in this Declaration the following paragraphs of the Complaint: ¶¶ 5-7 and 12-60. I have personal knowledge to make this verification.

3. I understand that Dr. Elan Pavlov is verifying all other relevant factual allegations in a separate paper.

**Facts and Circumstances Relevant to Irreparable Harm**

4. The following are "30-month" patenting jurisdictions that Plaintiffs intend to enter under the Patent Cooperation Treaty ("PCT"): <u>United States</u>, <u>China</u>. This means that these countries require any "national" or "domestic" filing to be filed by 30 months after the claimed priority date of a PCT international application. In the case of the '456 application, that date fell on <u>May 14, 2021</u>.

5. China (unlike the United States) has put in place a ministerial process by which anyone may obtain an additional two months with payment of an additional fee, so it is actually known as a "32-month" jurisdiction. The true filing deadline for claiming priority in China is thus <u>July 14, 2021</u>.

6. The following are "31-month" foreign patenting jurisdictions that Plaintiffs intend to enter under the Patent Cooperation Treaty ("PCT"): <u>Australia</u>, <u>South Korea</u>, <u>India</u>, <u>the European Patent Office ("EPO")</u>. This means that these countries require any "national" or "domestic" filing (or "regional" filing in the case of the EPO) to be filed by 31 months after the claimed priority date of a PCT international application. In the case of the '456 application, that date will fall on <u>June 14, 2021</u>.

7. On May 10, 2021, Plaintiffs came to an administrative accommodation with the USPTO to minimize any irreparable harm to Plaintiffs with regard to the United States patent filing. Under this accommodation, Plaintiffs met their May 14, 2021 30-month filing deadline with respect to the United States. The USPTO accepted the filing and agreed to hold the patent application in abeyance pending the resolution of this litigation. The parties agree and understand that, even though the USPTO has thus far declined to temporarily vacate the "considered withdrawn" (*i.e.*, abandonment) finding under challenge here, the USPTO has agreed to

retroactively apply this Court's future merits ruling. That is, if Plaintiffs obtain the relief they seek here, the USPTO will grant USPTO national entry patent filings a full priority claim back to November 14, 2018, as Plaintiffs contend is appropriate.

8. But after efforts among the parties to meet and confer, the USPTO has still declined to vacate the "considered withdrawn" finding to obviate Plaintiffs need for temporary injunctive relief with regard to the June 14, 2021 and July 14, 2021 foreign jurisdiction deadlines.

9. In my role as a patent attorney, I have spent over 25 years prosecuting patent applications domestically and internationally. I routinely consult with foreign patent counsel and survey foreign patent laws and practices so I can understand how foreign patent offices will handle filings. These are the standard ways that United States patent practitioners acquire knowledge about how the laws of foreign jurisdictions will operate under hypothetical scenarios, and how foreign patent offices will handle administrative details about attempted filings.

10. In my professional judgment and opinion, a consequence of the USPTO not agreeing to temporarily vacate the "considered withdrawn" finding is that foreign jurisdictions (including specifically China and South Korea) will not accept for filing any attempted PCT "national stage" filing.

11. We can safely assume that this case will not be fully resolved before the June 14 and July 14, 2021 deadlines. Thus, even if this Court were to grant full relief at the end of this case, it would be too late to make the foreign application filings (*i.e.*, a filing that is both timely as before the 31- or 32-month dates, and that relies a PCT application whose application data removes the "considered withdrawn" declaration).

## Facts Relevant to Certain Documents

12. In addition to attesting to the above facts, I am averring that certain documents are true and correct copies documents from the prosecution of the '456 Patent Application.

13. Exhibit A is a true and correct copy of the File History of the '456 Patent Application.

14. Exhibit B is a true and correct copy of correspondence received from International Bureau of the World Intellectual Property Organization.

15. Exhibit C is a true and correct copy of a particular EPO appeals decision confirming that a future "considered withdrawn" reinstatement would propagate to at least the EPO (and under the logic therein, to all other jurisdictions).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 18, 2021

_____
Robert Greenspoon